IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LENVO CRISTOVAO DE OLIVEREIRA DIAMPANGA,

Petitioner,

v.

TODD BLANCHE et al,

Respondents

3:26cv1629

ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Doc. 3)**

Pending is Petitioner Lenvo Cristovao de Olivereira Diampanga's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 3).

Petitioner's Motion seeks: (1) a temporary restraining order ("TRO") which enjoins "Respondents and their agents from transferring Petitioner outside the Western District of Pennsylvania during the pendency of his habeas proceedings;" and (2) an order scheduling "an expedited hearing on Petitioner's request for a Preliminary Injunction." (*Id*. at 5).

As explained by the district court in *Johnson v. Harry*, No. 3:24-194, 2026 WL 993778 (W.D. Pa. Jan. 13, 2026) (Haines, J.):

> in order to obtain a temporary restraining order (a "T.R.O.") a Plaintiff must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the Plaintiff, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make either of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Bd.*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

*Johnson*, 2026 WL 993778, at *1. Further, Federal Rule of Civil Procedure 65(b)(1) provides: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1).

Contrary to Petitioner's assertions, having reviewed Petitioner's habeas petition (Doc. 1), and Motion (Doc. 3), the Court finds, for the following reasons, that Petitioner's Motion is denied.

First, this Court lacks jurisdiction to prevent Petitioner's transfer to another facility while this matter is pending. Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is

identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Second, to the extent Petitioner argues that he will suffer imminent, irreparable harm if he is transferred to another detention facility by Respondents, the Court finds that the facts alleged by Petitioner do not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ".[1] Fed. R. Civ. P. 65(b)(1).

Third, having denied Petitioner's request for a TRO, the Court finds that it is not necessary to issue an order scheduling "an expedited hearing on Petitioner's request for a Preliminary Injunction" at this time, and elects not to do so. *See* Fed. R. Civ. P. 65(b)(3) (providing: "**Expediting the Preliminary-Injunction Hearing**. If the [temporary restraining] order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.").

---

[1] Specifically, Petitioner argues that he faces imminent, irreparable harm because:

[1]. The transfer of ICE detainees from one facility to another, including across district and state lines, occurs routinely and often without advance notice to the detainee or counsel — indeed, Respondents have already transferred Petitioner once, from New Hampshire to this District, during the brief period since his arrest. Given this demonstrated practice, the risk that Petitioner will be transferred outside this District again during the pendency of his habeas proceedings is real, ongoing, and not merely speculative.

[2]. A transfer to a remote facility outside this jurisdiction would disrupt Petitioner's access to his existing counsel and impair the attorney-client relationship during active habeas proceedings. Such a transfer would also severely impair Petitioner's ability to meaningfully participate in and prosecute his pending habeas claims, including his ability to communicate with counsel, review filings, and respond to developments in his case in real time. A further transfer would also risk disrupting Petitioner's access to necessary medical care; Petitioner is diabetic and requires daily Metformin, and was taken into ICE custody without his medication. The loss of access to counsel, the risk to Petitioner's medical care, and the resulting prejudice to his ability to litigate his pending claims together constitute a severe and irreparable injury for which there is no adequate remedy at law.

(Doc. 3 at 3-4).

Having found that Petitioner's Motion shall be denied, the Court understands Petitioner's habeas petition to ultimately be seeking a prompt review of the lawfulness of Petitioner's detention, and relief, in the form of, at a minimum, "a prompt, individualized bond hearing under 8 U.S.C. § 1226(a), at which the government must bear the burden of proving by clear and convincing evidence that Petitioner is a danger to the community, or by a preponderance of the evidence that he is a flight risk." (Doc. 1 at 10). Consistent therewith, an expedited case management schedule will issue forthwith.

SO ORDERED this 21st day of August, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record